STATE OF MAINE *vs.* CHESTER A. PLANT AND ARTHUR L. PLANT.

Sagadahoc. Opinion June 3, 1931.

*Ralph O. Dale*, County Attorney, for State.
*Edward W. Bridgham*, for appellants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J. On agreed statement of facts. The case alleges
breach of a law for the protection of game.

Respondents, jointly managing a small boat earlier in the morn-
ing than one and one-half hours before sunrise, on September 16,.
1930, were arrested on warrant issued out of the Bath Municipal
Court.

The statute prohibiting their activity and defining the crime
with which they are charged in Sec. 19 of the P. L., 1929.

Application of this section is in terms restricted to the waters of
the Kennebec River below a point one mile above Swans Island,
and reads, "No boat shall be allowed in said waters for hunting
purposes earlier than one and one-half hours before sunrise."

The facts are that the respondents set out during the night time
from Brunswick, for the purpose of running into and down the
Kennebec River, to the southerly shore of Perkins Island to hunt
ducks on that shore. It was their purpose to reach the island be-
fore sunrise.

They were on the waters where boats are not allowed for hunting
purposes, a few minutes earlier than one and one-half hours before
sunrise, then and there, "without any intention of hunting for
ducks in Merrymeeting Bay and its tributaries," or elsewhere on
the Kennebec River.

It is their defense that they were, at the time charged, using a public highway to reach their destination, far down the river, and hence that their boat was not by them "allowed in said waters," within the meaning of the prohibitory statute.

We think their defense complete. The Kennebec River below the northerly limit of the area described in the statute is a public highway, in time of peace open at all hours to passage in any direction by any person for purposes of lawful business or pleasure. It is the tidal portion of a navigable stream.

For the propagation of fish and for the protection of migratory birds the State may exercise certain control of its waters, but it is beyond the power of the legislature to suspend the general use of a navigable river as a highway.

Using a boat then, for purposes of transportation, in the location where it is alleged respondents were at the time when its use is complained of, is not allowing the boat there for hunting purposes.

*In accordance with the stipulation of the Report, the cases must be remanded to the lower Court for entry of* nolle prosequi.
*So ordered.*